IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:98-CR-85-1BO

| | |
|---|---|
| DERRICK L. WIGGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

Before the Court is Petitioner Derrick L. Wiggins's Motion To Amend Restitution Payment Under 3664(K) [DE 99]. The Government, through a Motion to Dismiss [DE 102], requests dismissal of Petitioner's Motion. For the following reasons, the Government's Motion is GRANTED. Petitioner's Motion to Amend Restitution Payment Under 3664(K) is DISMISSED

I.

STATEMENT OF THE CASE

On May 7, 1998, the Grand Jury returned a two-count Indictment that charged Petitioner in Count One with bank robbery, in violation of 18 U.S.C. § 2118(a) and (d), and, in Count Two, with using and a carrying a firearm during and in relation to a crime of violence and aiding and abetting the same, in violation of 18 U.S.C. § 924(c) and 2 [DE 9].

On July 28, 1998, Petitioner was arraigned and pleaded not guilty. On September 15, 1998, trial began. On September 16, 1998, the jury returned guilty verdicts on both counts. [DE 50].

On January 13, 1999, the Court held a sentencing hearing. The Court sentenced Petitioner to a term of 87 months imprisonment on Count One and a consecutive 120 month term of

imprisonment on Count Two, five years of supervised release on Count One, and a concurrent three years of supervised release on Count Two [DE 61]. The Court also ordered Petitioner to pay a $200 special assessment and $20,493.36 in restitution.

Petitioner appealed his conviction and sentence. The Fourth Circuit Court of Appeals affirmed Petitioner's conviction [DE 63]. Petitioner filed a 28 U.S.C. § 2255 motion [DE 65] and Respondent moved to dismiss [DE 68]. The Court dismissed the 2255 motion. [DE 71].

On December 16, 2010, Petitioner filed the instant Motion [DE 99]. Respondent filed a Motion to Dismiss [DE 102] on February 21, 2011.

## FACTUAL BACKGROUND

At sentencing, the Court ordered Petitioner to pay restitution for his offense [DE 61]. The Court ordered that Petitioner's monetary penalty was due in full immediately. Petitioner is currently incarcerated at the Federal Correctional Institution in Petersburg, Virginia. Petitioner's expected release date via good-time credit is June 21, 2013. Declaration of Lynette Cox ¶5, at 2 ("Cox. Decl."). On September 9, 2009, the BOP staff began a program review of Petitioner's financial payments owing under this Court's Order of restitution. On September 23, 2009, the Clerk of Court notified the BOP that Petitioner had an outstanding restitution balance of $11,327.36. The BOP determined that it had previously placed Petitioner in "no-obligation" status in error. The BOP notified Petitioner that he would have to pay the outstanding balance under the Order of restitution. On November 3, 2010, Petitioner informed BOP staff that his wife had sent the Clerk of Court a $50.00 payment towards his restitution.

On November 4, 2010, BOP staff conducted an Inmate Financial Responsibility Review Program (IFRP) review. The BOP attempted to negotiate an agreement with Petitioner wherein

2

Petitioner would either pay $90 a month or $180 quarterly towards his restitution. Petitioner initially agreed to pay $180 quarterly beginning in December 2010. On November 9, 2010, however, Petitioner refused to sign the IFRP contract and was placed in refusal status.

On November 16, 2010, Petitioner agreed once more to the terms contained in the IFRP contract and he signed the agreement. On November 18, 2010, Petitioner filed a request for administrative remedy. Petitioner's request complained about the payment schedule in his financial responsibility program (FRP) contract. Petitioner's request for administrative remedy was rejected for technical reasons, because Petitioner submitted more than one letter-sized continuation page. The BOP staff instructed Petitioner to resubmit the request on the proper form within five days.

On December 1, 2010, Petitioner submitted another request for administrative remedy alleging staff at FCI Petersburg forced him to sign the IFRP contract and that he was not provided enough time to make his initial payment. The Warden denied Petitioner's Request for Administrative Remedy. Petitioner did not appeal the Warden's decision. Instead, on December 16, 2010, Petitioner filed the pending Motion.

II.

DISCUSSION

Petitioner contends he is entitled to relief from this Court's Order of restitution. This Court cannot adjudicate Petitioner's claims because he has failed to exhaust his available administrative remedies.

United States Code Title 18, Section 3664(n) provides that:

If a person obligated to provide restitution, or pay a fine, receives substantial resources from

3

any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed.

18 U.S.C. §3664(n).

Here, Petitioner receives funds from his wife, Kimberly Gauldin-Brown. The funds Petitioner receives from his wife must, under section 3664(n), be used to satisfy the Court's order of restitution. Petitioner's instant Motion alleges, however, that the payment schedule created by the BOP works a hardship on him and his wife.

Under regulations governing the Bureau of Prisons, Petitioner must pursue these claims administratively, prior to seeking redress in this Court. *McKart v. United States*, 395 U.S. 185, 193 (1969) ("The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 (1938)).

Title 28 C.F.R. § 542.10, *et seq.*, sets out the Bureau of Prisons' Administrative Remedy Program, which allows formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, an inmate first attempts resolution of the complaint informally by discussing the matter with a member of the inmate's Unit Team. This attempt at resolution is documented on a "BP-8" form. If not satisfied, the inmate may file a formal complaint called a "BP-9" with the Warden within twenty days of the date on which the basis of the complaint occurred. 28 C.F.R. § 542.13. The Warden must generally respond to the filed request within 20 days. 28 C.F.R. § 542.18. If not satisfied with the Warden's response, the inmate may appeal to the Regional Director via a "BP-10" within twenty days of the date the Warden signed the response. 28 C.F.R. § 542.15. The Regional Director must generally respond to the filed appeal

within 30 days. 28 C.F.R. § 542.18. If not satisfied with the regional response, the inmate may submit a "BP-11" appeal with the Office of General Counsel in Washington, D.C. within thirty calendar days of the date the Regional Director signed the response. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. 28 C.F.R. § 542.15. The General Counsel must typically respond within 40 days of the filed appeal. The above BP-9, 10, and 11 response times may be extended once by up to 20, 30, or 20 days, respectively. 28 C.F.R. § 542.18. If an inmate does not receive a response within the time allotted for reply by the BOP, the inmate may consider the absence of a response a denial at that level.

Here, the record shows that Petitioner has failed to exhaust his administrative remedies in the instant matter. On November 18, 2010, Petitioner filed a Request for Administrative Remedy at FCI Petersburg complaining of his FRP contract. FCI Petersburg rejected Petitioner's request on November 18, 2010, for submitting more than one letter-size continuation page, and instructed Petitioner to resubmit his request in the proper format within five (5) days. On December 1, 2010, Petitioner submitted another Request for Administrative Remedy at FCI Petersburg alleging staff was forcing him to sign an IFRP contract, and that he did not receive enough time to make his initial payment. On December 28, 2010, the Warden denied Petitioner's request. Petitioner's never appealed the Warden's decision to deny his Request for Administrative Remedy, and therefore, he has not exhausted his administrative remedies.

The failure to exhaust administrative remedies is excusable only upon a showing of cause and prejudice. *McClung v. Shearin*, 90 Fed. Appx. 444, 445 (4th Cir. Feb. 6, 2004). Petitioner has not alleged that a failure to appeal the Warden's decision was warranted based on futility. Thus, Petitioner advances no valid excuse for failing to exhaust his administrative remedies.

5

III.

## CONCLUSION

Based on the foregoing, Respondent's Motion To Dismiss is GRANTED. Petitioner's Motion To Amend Restitution Payment Under 3664(K) [DE 99] is DISMISSED WITH PREJUDICE.

DONE AND ORDERED, this _21_ day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE